# CHARLESTON.

MERCER, ADMR., v. OTT, STATE COMPENSATION COMMISSIONER.

Submitted September 6, 1916.    Decided September 19, 1916.

1.  MASTER AND SERVANT—*Injury to Servant—Workmen's Compensation Act—Claim.*

    Where the statute does not prescribe the form of the application to be used by a dependent applying for compensation from the workmen's compensation fund, but does require the public service commission to adopt ''the forms of application of those claiming to be entitled to benefits of compensation therefrom'',

and such forms are adopted by the commission, and a person claiming to be entitled to compensation out of such fund makes application on one of the forms prescribed by the commission, and the form is not in conflict with the provisions of this act, the commission should not reject the claim for any defect in the application not affecting the merits of the claim, after the time has expired when a new application can be made.   (p. 630).

2.  SAME—*Injuries to Servant—Workmen's Compensation Act.*
    A car containing coal belonging to a brick company was placed by a railroad company on a track of the brick company, and a man was employed by the brick company to unload the coal, and while doing so, was under the car in discharge of his duty, the car was struck by another car of the railroad company, and the car under which the employee was at work was run over the employee and he was thereby injured to such extent that he died of the injuries.   *Held,* that the injuries so sustained were received in the course of and resulted from said employment.   (p. 635).

3.  SAME—*Injuries to Servant—Workmen's Compensation Act—Defenses.*
    Where a workman is killed by an accident arising in the course of and resulting from his employment, and a tort-feasor other than his employer is responsible therefor, the right to compensation from the workmen's compensation fund by a dependent of the deceased is not lost by a recovery of damages against the tort-feasor, by the personal representative of the deceased.   (p. 635).

Appeal from order of State Compensation Commissioner.

Proceedings by J. D. S. Mercer, administrator, for compensation for the death of a deceased servant.   Compensation was denied, and from the order of Lee Ott, State Compensation Commissioner, claimant appeals, and the dependent mother's representative joins therein.

*Reversed and remanded.*

*Edwin F. Kline, Alexander & McCabe,* and *R. Kemp Morton,* for appellant.

*A. A. Lilly,* Attorney General, and *Frank Lively,* Assistant Attorney General, for appellee.

MASON, JUDGE:

The Workmen's Compensation Fund was established by Chapter 10 of the Acts of the Legislature of 1913.   Section

19 of that chapter provides: "The commission shall establish a workmen's compensation fund from premiums paid thereto by the employers and employes as herein provided, for the benefit of employes of employers that have paid the premiums applicable to the classes to which they belong and for the benefit of the dependents of such employes, and shall adopt rules and regulations with respect to the collection, maintenance and disbursement of said fund, not in conflict with the provisions of this act." Under this act the fund was to be administered by the Public Service Commission. By section 25 it is provided that, "The commission shall disburse the workmen's compensation fund to such employes (within the meaning of this act) of employers who have paid into said fund the premiums for the month in which the injury occurs applicable to the classes to which they belong, as shall have received injuries in this state in the course of and resulting from their employment, or to the dependents, if any, of such employes in case death has ensued, according to the provisions hereinafter made."

By section 43 it is provided that "in case the final action of said commission denies the right of the claimant to participate at all in the fund, on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant may, within sixty days after notice of the final action of the commission, apply for an appeal to the supreme court of appeals."

Application for payment out of this fund must be made in "due form" within six months from the date of the injury or death. Section 39. Section 8 provides: "The commission shall adopt reasonable and proper rules to govern its procedure, regulate and provide for the kind and character of notices, and the service thereof, in cases of accident and injury to employes, the nature and extent of the proof and evidence, and the method of taking and furnishing the same, to establish the rights to benefits or compensation from the fund hereinafter provided for, the forms of application of those claiming to be entitled to benefits or compensation

therefrom, the method of making investigations, physical examinations and inspections, and prescribing the time within which adjudications and awards shall be made.''

Section 23 of the act provides: ''Any employer subject to this act who shall elect to pay into the workmen's compensation fund the premiums provided by this act, shall not be liable to respond in damages at common law or by statute for the injury or death of any employe, however occurring, after such election and during any period in which such employer shall not be in default in the payment of such premiums; *provided,* the injured employe has remained in his service with notice that his employer has elected to pay into the workmen's compensation fund the premiums provided by this act. The continuation in the service of such employer with such notice shall be deemed a waiver by the employe of his right of action aforesaid.''

The Mack Manufacturing Company operated a brick plant in Hancock County, West Virginia, and was subject to the workmen's compensation act, and had paid the premiums prescribed by that act. Bernard Zubritsky, deceased, was an employee of said brick company. While in the employ of said company, Zubritsky was killed under the following circumstances: He was employed by the brick company to transfer coal from railroad cars to carts by which the coal was distributed about the plant of the brick company. The railroad cars were placed on the side-track of the Mack Manufacturing Company by the P. C. C. & St. L. Ry. Co. In making a flying switch of a number of cars, these cars were thrown against the car which Zubritsky was engaged in unloading while he was under the car, thus fatally injuring him through the negligent act of the employees of the railway company.

The mother of the deceased was the only dependent. She was a widow living in Russia.

The appellant here, J. D. S. Mercer, was appointed administrator of Zubritsky, and brought suit against the railway company to recover damages for the wrongful killing of the deceased. That suit was compromised by the payment of $1250 to the administrator by the railway company. A

few days after the suit was compromised, the administrator filed his petition with the public service commission for compensation out of the workmen's compensation fund.

The rule adopted by the commission and then in force providing how the application shall be made by the claimant, is as follows: "Rule 11. To obtain awards in cases of injury resulting in death within a period of ninety days after the date of such injury (see Section 33), application must be made by the executor, administrator or dependent of the deceased, or by the attending physician or undertaker where there is no dependent, within six months after the death of the injured employe."

The accident occurred August 23, 1914, and this application was filed November 12, 1914, while the act of 1913 was in force. This act was amended by Chapter 9 of the Acts of 1915. By the act as amended the office of State Compensation Commissioner was created, who succeeded to the jurisdiction, rights, powers, and duties in respect to the payment of compensation out of the workmen's compensation fund on demands theretofore made upon the public service commission, and was given jurisdiction of all applications for compensation from said fund pending before the public service commission.

August 2, 1915, compensation in this case was refused by the commissioner. Compensation Commissioner Ott, in rejecting the claim, says: "In view of the evidence and facts in this case, the Commissioner is of the opinion that no disbursement should be made from the Workmen's Compensation Fund, as compensation, on the ground that application therefor was not made in due form by the dependent of the deceased, nor by any person authorized to do so; that the injury was not received both 'in the course of and resulting from' the employment, and that in as much as a settlement was effected by the Administrator of the estate of the deceased, with the third party causing the injury, no compensation should be awarded from the Workmen's Compensation Fund."

From this ruling and judgment the appellants have appealed to this court. Joseph Yakmichak, who holds a power

of attorney from the mother of the decedent, joins in the appeal.

First: Was the application made by a person authorized to do so? As we have seen, application for compensation must be made in "due form." It was the duty of the public service commission under the act of 1913 to adopt rules and regulations with respect to the application to be made by the employee or dependent. Such rules were made. The rule in cases of injury resulting in death requires the application to be made by the executor, administrator, or dependent of the deceased. This is Rule 11 prepared by the public service commission and is the rule in force at the time the application was made. Rule 10 referred to in the brief of the attorney general was prepared long afterwards by the state compensation commissioner under the act of 1915. A blank form was prepared by the public service commission to be used by applicants. This form states that the application must be made in such cases by the executor, administrator, or dependent. The application was made on one of the forms furnished by the commission. No objection was made to the form of the application at the time, so far as appears. The application states the name of the mother as the dependent, and gives all the information necessary to enable the commission to make an order for her use. It is true that the estate of the deceased is not entitled to this fund. The application does not ask that it be paid to the administrator as a part of the estate, but clearly shows that it is to be paid to the mother. We hold that the application was sufficient. It would be unjust to permit the commission to reject the application prepared on a form prescribed by it, and especially in this case when it would be too late for a new application. The procedure under this statute is intended to be untechnical in form: "Such commission shall not be bound by the usual common law or statutory rules of evidence, or by any technical or formal rules of procedure, other than herein provided, but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly and liberally the spirit of this act." Section 44, act of 1913.

Second: Was the injury received "in the course of and resulting from the employment" of the deceased? It is conceded that the decedent was in the employ of the brick company at the time of the injury. The evidence is clear and not contradicted that he was performing the duties required of him by his employer when injured. It was his duty to go under the car loaded with coal and remove the coal, and while there in the performance of his duty, the car was struck by a car being switched from the track of the railroad company by the railroad company's employees, and the car that he was unloading ran over him and killed him. It would seem very plain, indeed beyond controversy, that under these circumstances the injury resulted from the employment in which the deceased was then engaged. He was at the place performing the duties required of him, and in the manner required, and was killed by the car upon which he was required to work. The fact that the car was cast upon him by the wrongful act of the railroad company does not make the accident any less the result of his employment than if the accident had been caused by the car falling upon him through some defect in the car. We think that the commissioner erred in holding that the injury was not received "in the course of and resulting from the employment" of the deceased.

Third: The commissioner held that "in as much as a settlement was affected by the Administrator of the estate of the deceased with the third party causing the injury, no compensation should be awarded from the Workmen's Compensation Fund." This is an important question. The commissioner cites *McGarvey* v. *Independent Oil & Grease Co.*, 156 Wis. 590, as authority for his ruling. This case does not sustain the commissioner. That was a proceeding under the statute of Wisconsin, which provides: "The making of a lawful claim against an employer for compensation under this act for the injury or death of his employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer may enforce in his own name the liability of such other party."

Section 2394-25. The compensation acts · of a number of jurisdictions of the United States and of Canada provide, in substance, that where an employee has been injured by the negligence of a third person under such circumstances as to render him legally liable, and compensation for the injury has been paid by the employer, he is subrogated to the employee's rights against such third person and may bring an action against the latter for damages. The court, in *Mc-Garvey* v. *Independent Oil & Grease Co., supra,* in construing the Wisconsin act, said: "It is conceded, as the fact is, that, in the case of an employee, in · the course of his employment, being injured by the actionable negligence of a third person, a statutory remedy accrues to him for compensation, against his employer and a common-law remedy against such third person, though he cannot have but one satisfaction. ·If he ·elects to pursue the latter remedy he waives the statutory right, and if he elects to pursue the former, the employer by succession,—*ipso facto et eo instanti,*—becomes the owner of the right against the wrong-doer and may enforce the same in his own right."

The case of *Peet* v. *Mills,* 76 Wash. 437, holds that the statute of that state abolishing the doctrine of negligence as a ground for the recovery of damages against employers is broad enough to embrace provisions abolishing all rights of civil actions for such injuries, whether against employers or third persons. That decision is based upon a construction of the Washington statute.

The statute of this state does not in terms release the tort-feasor, or assign the right of action, when compensation is paid out of the workmen's compensation fund.

It is insisted that our statute should not be so construed as to permit the recovery of double damages for a single wrong. The English statute provides against double recoveries by allowing the employee to proceed against both the employer and the other person liable, but prohibits recovery of both damages and compensation. By statute in some of the American States the same result is accomplished by subrogating the employer to the rights of the employee against the tort-feasor. The West Virginia statute deals

solely with the employer and the employee and makes no reference whatever to third parties. It simply creates a fund to which the employee may apply for compensation for injuries sustained by him in the course of and resulting from his employment, and any employer subject to the act, who shall elect to pay into this fund the premiums provided by the act, is not liable to respond in damages at common law or statute for the injury or death of any employee however occuring, after such election and during any period in which the employer is not in default in the payment of such premiums, provided, the injured employee has remained in the service with notice that the employer has elected to pay into the fund the required premiums. This act does not release an employer from liability for damages on account of injury to or death of an employee caused by the deliberate intention to produce such injury or death.

There is nothing in our statute which would prohibit an employee who has received damages from a third person, from receiving from this fund the amount provided by law by way of compensation for damages arising out of the same act. We must therefore rely upon principles of common law for the solution of the questions involved. It is conceded that the representative of the deceased received $1250 as damages from the railroad company. It is claimed by the compensation commissioner that the employer was liable for damages for not having given the deceased a safe place in which to work, and that therefore the recovery and payment of damages by one tort-feasor released the other. But does it follow that because the brick company would be released at common law under these circumstances that no resort may be made under our statute for further compensation out of this fund by one who is a dependent? We think not. The money recovered from the railroad company or from the brick company would be distributed to the parties in the proportions provided by law in relation to the distribution of personal estate left by a person dying intestate, while sums received from the compensation fund would be paid to one or more dependents of the deceased. The amount which may be received for wrongful act causing death of another is fixed by

law at such sum as a jury may deem fair and just, not exceeding $10,000.00. The amount of the average weekly earnings of the injured person at the time is made the basis upon which to compute the benefits. By the workmen's compensation act it was intended to create a fund to which an injured employee or his dependents in case of death can apply for compensation, instead of being compelled to collect the same by law. It partakes largely of the nature of pension. These considerations show conclusively that the right to compensation out of this fund under the statute, and the right to recover damages of a tort-feasor are of such radical different character that the rules of law invoked by the Honorable Commissioner are not applicable. The fact that the administrator recovered from the railroad company does not operate to prevent the mother of the deceased from receiving compensation from this fund as a dependent. *Newark Paving Co. v. Hattie Klotz, Admr'x*, 85 N. J. Law 432.

We set aside the order of the commissioner refusing to allow compensation to Franciska Zubritsky, mother of Bernard Zubritsky, deceased, and direct him to ascertain the amount and pay same according to law.

*Reversed and remanded.*