Geiger, J.
The plaintiff sued to recover on account of the death of her decedent in a railroad crossing accident on West Main street in the city of Springfield.
*361 The decedent, at the time of his death, was a motorman operating ,as such a ear of the Springfield Street Railway Company. At the point of the accident the street railway company’s tracks crossed the main line of the defendant, the C., 0., C. & St. L. Railway Company.
At the time of the accident, the street railway company’s car, in charge of the decedent and a conductor, approached and passed upon the track of the defendant. Before the car had gotten over the track, it was struck by a west bound freight train of the defendant company, and the motorman was killed.
At the time of the accident, the street railway company had complied with the laws of Ohio, and was insuring its employees under the provisions of the Ohio workmen’s compensation act, and after the death of the decedent his representatives received $3,000, as compensation for his death, under the provisions of said act, and released the street railway company from all further liability.
The defendant railway company, in its answer, set up the fact that the plaintiff, the wife of the decedent, has accepted compensation for the death of the decedent, and asserted that it had thereby been released from any claim for damages for any negligent act upon its part, that might have been the proximate cause of the death.
To this answer, a demurrer was interposed and the same was sustained on the reasoning of the following cases. Vayto v. Railway Co., 18 N.P.(N.S.), 305; Biddinger v. Steininger-Taylor Co., 18 N.P.(N.S.), 42; Kenning, Admr., v. Railway & Terminal Co., 18 N.P.(N.S.), 526.
It is held in the Biddinger case, that:
“An employee who has been injured or the personal representative of an employee who has been killed in the course of his employment, after having applied for and received an award under the workmans’ compensation law', and after such award has been paid in full, may maintain an action against a stranger for damages for negligently causing the same personal injury.”
In the Vayto case it is held that:
“The workmans’ compensation acts in no way or in any manner, or in any sense, take away the right to sue and recover dam *362 ages from a person other than his employer, who may have negligently inflicted injury upon him while in the course of his employment. ’ ’
i
In the Kenning ease, it is held that:
“When a workman has been killed by the actionable negligence of a third person, the fact that his personal representative has already received payment from the state insurance fund under the workmans’ compensation act, will not prevent such representative from maintaining an action against the tort-feasor for damages for causing the death, nor will the fact that he tort-feasor himself contributes to the state fund affect his liability.”
See, also, Neivark Paving Company v. Klotz, 85 N. J. L., 432.
The above cited cases are well reasoned and strongly support the conclusion stated.
After the demurrer had been sustained, the case came on for trial upon the amended answer, which omitted the objectionable defense.
Upon the trial, the administratrix, the widow of the decedent, being upon the stand, a question was propounded to her by which it was sought to bring before the jury the fact that she had already been compensated in the sum of $3,000 out of the state fund, for the death of her husband, on account of his employment by the street railway company.
The court sustained the objection to this question, and counsel for defendant read into the record what they expected the answer of the witness to disclose.
The jury returned a verdict in favor of the plaintiff for the sum of $6,000, and a motion is made for a new trial.
It is conceded by the defendants that the receipt of compensation from the street railway company under the employers’ liability act is not a bar to the action against the O., C., C. & St. L. Railway Company; but it is insisted that the fact of the receipt of such compensation and the .amount thereof is proper to be considered by the jury on the question of the amount of damages, counsel contending that this case is governed by a different principle from that applying to the case of private insurance, in that the contract of private insurance is res inter alios acta, something with which the defendant railway company *363 had nothing to do, and from which it can claim no advantage, while the statutory compensation under the employers’ liability act is a matter to which all members of the public, including the railway company, are parties, and the burden of which falls upon the public as a whole, including the railway company.
Workmen’s compensation laws are now in force in thirty-seven states and three territories of the United States. There is also a federal act on the same subject.
In the statutes of all the states, with the exception of those of Arizona, New Hampshire, Ohio and West Virginia, as well as in the federal act, there are provisions for the adjustment of rights where the injury is caused by a third person.
The provisions are not uniform. Some permit the injured party to proceed against the fund and the third party, but deny the right to both compensation and damages; some subrogate the one who pays the compensation to the rights of the injured, party; some provide that the receipt of compensation shall constitute an assignment of the claim to the party paying the compensation, and some provide that an election to sue for damages operates as a waiver of a claim for compensation. The federal act provides that where a right of action exists against a third party, the employee, as a condition to compensation, may be required to assign his right to the commission, which may then prosecute or compromise the claim, and hold the amount collected, paying over to the employee any surplus over the amount of compensation. If the employee collects upon any claim, the amount so collected shall be credited against the compensation provided by the act. The English act provides against double recoveries by allowing the employee to proceed against both the employer and the third person, but prohibits recovery of both damages and compensation.
It thus appears that out of forty-two different enactments of various states and governments, thirty-eight provide for some adjustment where the injury is caused by a third party, which limits the injured party to a single recovery.
It may, therefore, with some justice, be insisted that our statutes should not be so construed as to permit a recovery of double damages for a single wrong, as being in conflict with the almost unanimous judgment of legislative bodies.
*364 However, courts are not permitted to make laws, but only to interpret them. The failure of the Ohio Legislature to cover this point may have been an unfortunate oversight, or an intentional omission.
We can not consider the legislative enactments of other states, but must rely upon principles of common law for a solution of the question.
In West Virginia alone of the four states which have no statutory provisions has a Supreme Court passed upon this point. In Mercer v. Ott, 89 S. E., 952, decided in 1916, and Merrill v. Marietta Torpedo Company, 92 S. E., 112, decided in 1917, the Supreme Court of West Virginia holds that if the injury is caused by the negligence -of a third person, the right of the injured party to compensation out of the fund is not thereby affected, nor is' his right of action against sueh third person impaired.
It is held that the provision of the act is in the nature of life and accident insurance, or of a pension, and that the injured party is entitled to both compensation under the act, and full damages from the third party causing the injury. In the absence of a statutory provision in Ohio, we may gain further light from an examination of eases involving insurance ,and pensions, as well as of those construing the statutes permitting a recovery for wrongful injury or death.
That insurance on the life of a decedent, received by his representatives, can not go to mitigation of damages arising from the wrongful act which resulted in his death, is uniformly held. See 13 Cye., 70, and cases cited; Southerland on Damages, Volume 1, Sections 157-158; Brabham v. B. & O. Ry. Co:, 220 Federal, 35; Houston v. Lemayor, 119 S. W., 1162.
This is conceded to be the law in the case of Davis v. Guarnieri, 45 O. S., 470.
It is, however, insisted 'by counsel for defendant that the principles applicable in eases of insurance do not control the case at bar, for the reason that the compensation paid under the employers’ liability act is not the result of the decedent’s personal act for his own protection, but is the payment out of a fund provided by law, and which is a burden upon the general public, including the defendant railway company.
*365 In the ease of Railway Company v. Maddry, 57 Arkansas, 306, it is held that the provisions of the federal law providing for a pension for the widow and minor children of a deceased pensioner should not be considered in mitigation of the damages sustained by them by reason of the death of the pensioner.
The court reaches its conclusion in that ease largely on the authority of insurance eases, and specifically cites the case of Davis v. Guarnieri, supra.
While the question now raised by counsel, that the compensation paid is a general burden upon the public, was not specifically raised in that case, yet it was held that a government pension, which necessarily is a burden upon the entire public, can not be considered in mitigation of damages.
In the case of Geary v. Metropolitan Street Railway Company, 77 N. Y. S., 54, it is held that in assessing damages for the death of one employed in the city fire department the jury should not consider the pension his widow is receiving from the city
It appeared that the decedent was earning a salary of $1,400 per annum, and under the pension law of the city of New York his widow, at'the time of the trial, was receiving $700' per annum.
The trial court instructed the jury that in assessing the damages they should not take into consideration this pension, and the reviewing court held that such instruction was proper, stating that it was the duty of the jury, under the statutes, to ascertain the pecuniary loss which the widow and children sustained by the death of the husband and father, and that any benefits which they received by way of insurance or pension are not to be offset or deducted.
The court says:
"The inquiry is, what amount of money would they have received from or through him had he lived, and it in no manner involves the consideration of what they have received on account of his death.”
This case applies the rules in reference to general insurance to compensation received as a pension from a fund raised from taxation of the general public.
The case of Boulden v. Pennsylvania Railway Company, 205 Pa. St., 264, holds that in an action against the railway com *366 pany to recover damages for the death of an employee, who was also a member of the relief department of the company, the defendant will not be permitted to show in mitigation of damages that the mother of the deceased, as the latter’s death beneficiary, received benefits from the relief department.
A case in Ohio that may throw some light upon the question is that of Davis v. Guarnieri, supra. In that ease the plaintiff was the administrator of his deceased wife, and brought an action for her wrongful death, but before trial re-married, and it was claimed by counsel for defendant that the fact of his re-marriage should go to the mitigation of damages for the loss of his former wife, and the court held that evidence that he had again married, and that his second wife performed like services and contributed in like manner as the first wife to the support of the family was not admissible in mitigation of damages.
The court, in substance, holds that the plaintiff in his representative capacity was entitled to recover for the loss of the services of his wife, and that the defendant could not plead in mitigation that that loss had been repaired in part, and points out that the claim of the defendant to .a mitigation of damages is in the nature neither of a set-off nor counter-claim. The case holds that the right of action is complete at the time of the death, and the recovery is not to be diminished by any partial compensation the plaintiff may have received subsequent to the death.
The court is convinced that the compensation provided by the workmen’s compensation act is in the nature of occupationalinsurance, and that the same rule which is applicable to general insurance is applicable to the payment of compensation under the act, the act being silent on this point.
The statutes having given a right of recovery to personal representatives of the decedent for loss caused by his death, the fact that some beneficiary of the decedent has been compensated, in part, under the provisions of the workmen’s compensation act, is not proper to be considered by the jury in mitigation of damages in an action against a tort feasor, even though the fund out of which the compensation was paid be a general burden on the public, including the defendant in this action.
*367 The burden borne by the general public is only that of administering the fund, and the fund itself arises from payments made by employers (Section 1465-69, General Code). But the conclusion would not be altered if the defendant, as an employer of labor, was a contributor to the fund, which does not appear, Kenning v. Railway Company, supra.
An interesting discussion of the matter, in addition to the cases already cited, may be found in an article by Ernest Angelí, 13 Ohio Law Reporter, page 7.
The court is of the opinion that no error arose in excluding from the consideration of the jury the fact that the decedent’s representatives had received a sum through the state fund on account of the death of the decedent.
Motion for a new trial overruled.