## CRAB ORCHARD IMPROVEMENT CO. v. CHESAPEAKE & O. RY. CO.

District Court, S. D. West Virginia, At Bluefield.

June 18, 1940.

Fletcher W. Mann, of Beckley, W. Va., for plaintiff.

Jackson N. Huddleston, of Huntington, W. Va. (Fitzpatrick, Brown & Davis, of Huntington, W. Va., on the brief), for defendant.

McCLINTIC, District Judge.

This is an action brought by Crab Orchard Improvement Company, a West Virginia Corporation, against the Chesapeake & Ohio Railway Company, a Virginia Corporation, seeking to recover the amount paid by plaintiff under the West Virginia Workmen's Compensation Law to the de-

pendents of one of its employees, Andy Henry, who was killed in the course of his employment due to the alleged negligent acts of the defendant. The case was heard on defendant's motion to dismiss.

Andy Henry was employed by the plaintiff Crab Orchard Improvement Company in the operation of its coal tipple near Eccles, West Virginia. On December 9, 1936, one of defendant's engines, pushing a load of empty coal cars, was being operated along defendant's spur track in the direction of said coal tipple by defendant's employees. The rear empty coal car struck the said Andy Henry as he was crossing the track, in the performance of duties for which he was employed, killing him instantly. Plaintiff, being a member of the Workmen's Compensation Fund and having made payments of premiums therein as required by law, was forced to pay $4,000 into the Workmen's Compensation Fund as the result of Henry's death and to pay an increased rate to said fund, which up to the time of the filing of this suit amounted to $11,000.

It is alleged that plaintiff has sustained injuries in the amount of $15,000 as a result of defendant's negligence, and plaintiff seeks to recover that amount from defendant.

The suit was originally brought in the Circuit Court of Raleigh County, West Virginia, and was removed to this court on the grounds of diversity of citizenship.

The question presented in this case is whether an employer who has been forced to pay compensation or death benefits to the dependents of one of its employees who was killed in the course of his employment as a result of the negligence of a third party, may recover the amount so paid, through no fault of its own, from the negligent third party, in the absence of any provision for subrogation or assignment in the Compensation Act by virtue of which the payments were made.

The West Virginia Workmen's Compensation Act (Chapter 23, W.Va.Code) deals solely with the employer and the employee and makes no reference whatever to third parties. It does not in terms either release the tort-feasor, assign the right of action or provide for subrogation, when compensation is paid out of the Workmen's Compensation Fund. Mercer v. Ott, 78 W.Va. 629, 636, 89 S.E. 952. It merely creates a fund to which the employee may apply for compensation for injuries sustained by him in the course of and arising out of his employment, and any employer who shall elect to pay into the fund the premiums provided by law is not liable to respond in damages at common law or statute for the injury or death of such an employee if it has met the requirements fixed by that law.

■ The decisions of the West Virginia courts in construing this statute must be followed in the decision of this case. Erie Railway Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

First, in the case of Mercer v. Ott, supra, the West Virginia Supreme Court held that where a workman is killed by an accident arising in the course of and resulting from his employment, and a tort-feasor other than his employer is responsible therefor, the right to compensation from the Workmen's Compensation Fund by a dependent of the deceased is not lost by a recovery of damages against the tort-feasor, by the personal representative of the deceased (Syllabus 3).

A year later in the case of Merrill v. Marietta Torpedo Co., 79 W.Va. 669, 92 S.E. 112, L.R.A.1917F, 1043, the same court held that an employee who receives compensation for an injury from the Workmen's Compensation Fund, is not thereby estopped to sue a third person, not his employer, whose negligence caused his injury (Syllabus 6).

■ Thus it will be seen from the above two cases, which are the leading cases on this subject in West Virginia, that an employee or his representative may recover from both the tort-feasor, other than his employer, who caused his injury or death, and from the compensation fund, and that the interpretation of this statute by the West Virginia Supreme Court is that there is no assignment of or subrogation of the cause of action arising out of the injury or death of an employee by virtue of the statute. Many compensation acts prevent the double recovery above mentioned and permit the employer who has suffered a loss through no fault of its own, to recover such loss from the tort-feasor by providing that the employer is subrogated to the employee's rights against the third party when the employee has recovered his damages under the act. But the West Virginia Act makes no such provision either by the express words thereof or by implication.

It necessarily follows as a result of the Mercer and Merrill cases that if the employee, or his representative, is not divested of his cause of action against the third party tort-feasor by recovering his damages from the compensation fund, the employer has no cause of action against said third party unless it can be found somewhere in the common law.

To constitute actionable negligence there must be not only a lack of care, but such lack of care must involve a breach of some duty owed to a person who is injured in consequence of such breach. 45 C.J., 631. In the instant case the lack of care which resulted in the death of Andy Henry and gave rise to a cause of action for negligence was the failure of defendant's employees to perform its duty to keep a watch or lookout for persons who might be on its track. This duty was to those individuals who might be on the track, in this particular instance to Andy Henry, and not to the plaintiff. Therefore there was no breach of a duty owing plaintiff by defendant which would give rise to a cause of action for negligence against the defendant by the plaintiff. The only cause of action which defendant's alleged negligence gave rise to, other than that given by the Workmen's Compensation Act, was that vested in the personal representative of the deceased, Andy Henry, as provided in Chapter 55, Article 7, Sections 5 and 6 of the West Virginia Code, known as the Wrongful Death Statute.

The cause of action provided by the West Virginia Code as above cited, giving the personal representative of a person who is killed by the wrongful act of another a right to maintain an action against the tort-feasor, if the wrongful act would have entitled the party injured to maintain an action to recover damages in respect thereof, is in derogation of the common law, where the cause of action for personal injury ceased to exist at the death of the person injured. This statute has been held not to be a revival of the deceased's cause of action in the personal representative, but to give an entirely new cause of action which does not accrue until the death of the person injured—and such action may be instituted only in the name of the personal representative. Perry v. New River Coal Co., 74 W.Va. 122, 81 S.E. 844. In the instant case there is no allegation of an assignment of this cause of action to plaintiff and it is doubtful if, in the absence of statutory provision therefor, such assignment would be valid. Nor is it brought in the name of the personal representative. The wrongful death action could have been brought against defendant at any time within two years after the death of the deceased by his personal representative, regardless of whether the dependents of the deceased had received benefits from the compensation fund. Mercer v. Ott, supra; Merrill v. Marietta Torpedo Co., supra. Such being the situation it would be impossible for the plaintiff to be subrogated to the rights of the personal representative of Andy Henry, when those rights still existed in said personal representative. Therefore plaintiff may not succeed in this action on the basis of common-law assignment or subrogation.

Plaintiff's only other contention, which is probably its main contention in view of the letter submitted to the court since the oral argument of this case, which cites and relies on the case of Staples v. Central Surety & Ins. Co., 10 Cir., 62 F.2d 650, is that defendant has a primary duty to indemnify plaintiff for the amount plaintiff has had to pay to the compensation fund because of defendant's negligence. As stated in the first part of this opinion, this court is of the opinion that only one cause of action, other than the claim for compensation, arose out of defendant's negligence—and that is the one accruing to the personal representative of the deceased under the West Virginia Wrongful Death Statute. Plaintiff, however, relies strongly on the Staples case and statements made in that case would seem, at first glance, to support its contention. Therefore this court feels that it is incumbent upon it to give further explanation of the reasoning behind its conclusion as aforesaid.

The Staples case arises under the Oklahoma Compensation Act, 85 Okl.St. Ann. § 1 et seq. That act gives to the injured employee the right to elect whether he would claim compensation from his employer or whether he would pursue his remedy at common law against the tort-feasor. The Staples case holds that the employer has a cause of action in his own right for indemnity against the tort-feasor, independent of any provisions in the compensation law. But irrespective of any interpretations placed on the Oklahoma Statute as to double recovery by the injured employee, this court is of the opin-

ion that under the interpretation of the West Virginia Compensation Act as placed thereon by the West Virginia Supreme Court in the cases above cited, there can be no independent cause of action for indemnity in favor of the employer.

■ The West Virginia law as interpreted aforesaid permits the injured employee or his personal representative, if he is killed, to recover compensation from his employer, and then to recover the full amount of his damages against the third party tort-feasor and does not permit the tort-feasor to set up as a defense the recovery under the Compensation Law. It is therefore the obvious intention of the West Virginia law to give the employee an entirely new remedy in addition to the one he had at common law or under the Wrongful Death Statute, and the law that gives that additional remedy deals only with the employer-employee relationship and not at all with third parties. In the absence of any provision in the Compensation Act for the subrogation of the employer to the rights of the injured employee, or the assignment to the employer of the employee's right of action or for the enforcement by the employer of the liability of a person other than the employer if compensation is paid, an employer is not entitled to recover from the third party tort-feasor the amount of compensation that he has had to pay to an injured employee, or the dependents of said employee if he is killed as a result of the negligence of the third party. United States Fidelity & Guaranty Co., Inc. v. Blue Diamond Coal Co., Inc., 161 Va. 373, 170 S.E. 728, 730.

■ Under the facts in the instant case the defendant's negligence gave rise to a cause of action in his personal representative for damages for the death of Andy Henry against the third party tort-feasor under the West Virginia Wrongful Death Statute, and further gave to the dependents of Andy Henry a right to receive compensation for his death from his employer from the compensation fund, of which said employer was a member. The action under the Wrongful Death Statute was not assigned to the plaintiff and could only have been brought in the name of the personal representative. The plaintiff cannot, therefore, succeed in this action on the basis of the Wrongful Death Statute. The West Virginia Compensation Act does not provide for subrogation to or assignment of the rights given by that act to the dependents of the deceased employee to the employer, when said dependents have recovered compensation from the compensation fund therefor. The plaintiff, therefore, cannot succeed in this action on the theory of subrogation or assignment. The only basis upon which plaintiff has any reasonable claim for recovery against this defendant is on the theory of indemnity for the loss occasioned said plaintiff by the defendant because the West Virginia Compensation Act requires an employer to pay an additional amount into the compensation fund when an award has been made to the dependents of one of its employees who was killed in the course of and arising out of his employment. Plaintiff would not have had to pay this additional amount except for the provisions of the West Virginia Compensation Act. This act merely provides an additional remedy for the protection of an injured employee, or his dependents if he is killed, over and above the common-law action for negligence vested in the injured employee or the statutory cause of action vested in his personal representative by the Wrongful Death Statute, and does not purport to afford the employer any recourse against the third party whose negligence caused the injury. It places the employer in the position of an accident insurer who must pay damages arising out of the injury or death of his employee while in the course of and arising out of his employment purely because of the employer-employee relationship. Merrill v. Marietta Torpedo Co., supra.

As the employer had no right of action for indemnity, in the absence of any statutory provision for the same, and as the Statutes of West Virginia do not provide for such right of action, the plaintiff in this case has no basis for recovery in this action. Truscon Steel Co. v. Trumbull, etc. Furnace Co., 1929, 120 Ohio St. 394, 166 N.E. 368. Holland v. Morley Button Co., 83 N.H. 482, 145 A. 142.

■ Under the decision in the Staples case the Compensation Act would give rise to a new cause of action in the employer, and this court is of the opinion that such was not the intention of the West Virginia Legislature in wording the Compensation Law as it did, nor the opinion of the West Virginia Supreme Court under its interpretation of said law in the cases above cited. To permit the plaintiff to recover

here would be to place double liability on the tort-feasor for his single negligent act because of the West Virginia Compensation Act, and such was not the purpose or intent of that act.

The action is dismissed.