## EDWARD R. PURCHASE *vs.* RALPH H. SEELYE.

Hampden.   October 28, 1918. — December 30, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Physicians and Surgeons.   Release.   Proximate Cause.   Evidence,* Relevancy.

An employee of a railroad corporation in the course of his work suffered a rupture in his right groin and went for treatment to a surgeon, who the next day mistook him for another patient and performed an operation on his left side. This mistake made it necessary for the surgeon to perform another operation on the right side. The employee made a claim on the railroad corporation for alleged negligence causing his rupture. This claim was settled, and the employee executed and delivered to the corporation a release of all claims and demands "arising or which may arise out of said injury." Later he brought an action of tort against the surgeon for his injuries sustained by reason of the defendant's negligence in performing the operations. The defendant alleged in defence his discharge from liability by the release of the railroad corporation as one of two alleged tortfeasors. *Held,* that the negligent act of the defendant in mistaking the plaintiff for another patient and operating on the wrong side was not a natural and probable result of the first injury and created a new and independent cause of action, for which the original wrongdoer was in no way responsible and which consequently was not barred by the release.

In the same case it was *said* that it was unnecessary to consider, whether the railroad corporation would have been liable for the aggravation of the plaintiff's injury caused by the defendant's mistake in operating on the wrong side if there had been no mistake in regard to the identity of the patient.

In the same case it also was *held* that for the reasons stated above the release was not admissible in evidence.

TORT against a surgeon for personal injuries sustained by the plaintiff by reason of the negligence of the defendant in operating on the plaintiff for hernia on March 26, 1916, and, after having ascertained that the plaintiff was suffering from a hernia on the right side of his abdomen, negligently performing an operation on the left side of the plaintiff's body without the plaintiff's knowledge or consent. Writ dated October 3, 1916.

The answer, besides a general denial and an allegation of negligence on the part of the plaintiff, alleged that the defendant was discharged from liability for the plaintiff's cause of action by the following release:

"Boston & Albany Railroad
N. Y. C. R. R. Co. Lessee

I Edward R. Purchase of Ludlow Mass hereby acknowledge the receipt of Two hundred and five dollars ($205.00) in full satisfaction and discharge of all claims, demands, actions and causes of action which I have against The Boston & Albany Railroad Company, or The New York Central Railroad Company, or any of the officers, agents or servants of them or either of them by reason of an injury to my Property or Person at West Springfield Mass on or about the twenty-first day of March A. D. 1916, and I hereby release and discharge said Corporations, the officers, agents and servants of them or either of them from all claims, demands, actions and causes of action, arising, or which may arise out of said injury, and covenant that no suits shall ever be brought thereon or on any thereof by me or any other person.

I have read the above and agree to it

Witness my hand and seal this 19th day of July A. D. 1916. In presence of

Samuel T. Bennett          Edward R. Purchase. [Seal]"

In the Superior Court the case was tried before *Callahan, J.* The material evidence is described in the opinion. The release, as printed above, was admitted in evidence subject to the plaintiff's exception. Upon motion of the defendant the judge ruled that the release was a bar to the action and ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*N. M. Harvey & J. H. Mulcare,* for the plaintiff.

*A. L. Green & F. F. Bennett,* for the defendant.

CROSBY, J. This is an action to recover for an unauthorized surgical operation performed by the defendant, a surgeon, upon the body of the plaintiff.

On March 21, 1916, the plaintiff suffered a rupture in his right groin while in the employ of the Boston and Albany Railroad, of whose road the New York Central Railroad Company was lessee; on the same day he consulted the defendant, and the next day was operated on by the latter. The following day the plaintiff discovered that the operation had been performed on his left side, and so stated to the defendant. The plaintiff

testified that the defendant said: "I took you for another patient of mine that had a hernia on the left side. — Well, the only thing we can do is to operate on the right side in about two or three days." Afterwards an operation was performed by the defendant upon the plaintiff's right side.

On July 19, 1916, the plaintiff made a settlement of his claim against the railroad company and executed and delivered to it a release of all claims and demands "arising or which may arise out of said injury." This action having been brought since the settlement, an important question is whether it is barred by the release.

If the plaintiff's employer, in an action brought against it to recover for the original injury, would have been liable for the negligence of the defendant in improperly treating the plaintiff, then the release included such damages and is a bar to the present action, for the reason that in such a case the plaintiff had a claim against both the railroad company and the defendant for the same cause of action and a release of one of the alleged wrongdoers would operate as a release of both. *Brewer* v. *Casey*, 196 Mass. 384. *Stimpson* v. *Poole*, 141 Mass. 502. *Leddy* v. *Barney*, 139 Mass. 394. *Brown* v. *Cambridge*, 3 Allen, 474.

It is the contention of the plaintiff that the alleged negligence of the defendant had no causal relation to the original injury, but created a new, separate and independent cause of action, the liability for which was not barred by the release.

It is well settled in this Commonwealth, and in many other jurisdictions, that in an action for personal injuries arising out of the alleged negligence of the defendant, the plaintiff is entitled to recover for the injuries resulting from the defendant's negligence although such injuries are aggravated by the negligence of an attending physician if, in his selection and employment, the plaintiff was in the exercise of reasonable care. *McGarrahan* v. *New York, New Haven, & Hartford Railroad*, 171 Mass. 211, 219. *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, and cases cited.

The question is whether the act of the defendant in operating by mistake upon the plaintiff's left side was a natural and probable result of the negligence of the railroad company. We are of opinion that the general rule as above stated is not applicable

to the case at bar. There was sufficient evidence to show that
the defendant made a mistake in the identity of the plaintiff
at the time the operation was performed and that he then be-
lieved he was operating upon another patient who had a hernia
on his left side. The reason why a wrongdoer is held liable for
the negligence of a physician whose unskilful treatment aggra-
vates an injury, is that such unskilful treatment is a result which
reasonably ought to have been anticipated by him.

The railroad company could not be held liable because of the
defendant's mistaken belief that he was operating upon some per-
son other than the plaintiff. Such a mistake was not an act of
negligence which could be found to flow legitimately as a natural
and probable consequence of the original injury, and a ruling in
effect to the contrary could not properly have been made. The
fact that the mistake made by the defendant might possibly occur
is not enough to charge the railroad company with liability; the
unskilful or improper treatment must have been legally and con-
structively anticipated by the original wrongdoer as a rational
and probable result of the first injury. This is the true test of
responsibility, and it cannot be extended to cover the facts in
the present case as shown by the record.

If a surgeon employed to operate upon a patient for hernia
caused by the negligence of another, instead of performing that
operation removes one of the patient's kidneys (which is in sound
condition) under the mistaken belief that he is treating another
patient, can it reasonably be held that such a mistake is some-
thing that might sometimes follow, and as a matter of common
knowledge and experience might be expected sometimes to fol-
low, from an injury resulting in hernia? We think not. We are
of opinion that the act of the defendant in operating on the wrong
side, was a wholly wrongful, independent and intervening cause
for which the original wrongdoer was in no way responsible.

All the cases cited and relied on by the defendant are distin-
guishable from the case at bar because of the fact that the de-
fendant did not intentionally operate upon the plaintiff for the
injury received, as he did in those cases, but mistakenly under-
stood and believed that he was operating upon another patient
for a different injury.

It is unnecessary to decide whether the railroad company

would have been liable for the aggravation of the plaintiff's injury caused by the mistake of the defendant in operating upon the wrong side, had there been no mistake with reference to the identity of the patient.

In some jurisdictions it is held that in an action against the original wrongdoer, if a surgeon by mistake operates at a place other than at the seat of the injury and without the consent of the patient, such an act is a natural and probable consequence of the original injury for which the defendant is responsible. *Martin v. Cunningham,* 93 ·Wash. 517. *Thompson v. Louisville & Nashville Railroad,* 91 Ala. 496. *Sauter v. New York Central & Hudson River Railroad,* 66 N. Y. 50. *Variety Manuf. Co.* v. *Landaker,* 227 Ill. 22. *Reed v. Detroit,* 108 Mich. 224. *Seeton v. Dunbarton,* 73 N. H. 134. *Lyons v. Erie Railway,* 57 N. Y. 489. *Goss v. Goss,* 102 Minn. 346. See also *Mohr v. Williams,* 95 Minn. 261; *Sullivan v. McGraw,* 118 Mich. 39; *Pratt v. Davis,* 224 Ill. 300. The facts in the case at bar distinguish it from the cases above referred to.

If we assume that the release is valid and a bar to any claim which the plaintiff had against the railroad company, still a majority of the court are of opinion, for the reasons stated, that it is not a defence to the present action and was not admissible in evidence.

The exceptions to the admission in evidence of the release and the ruling that it was a bar to the action, must be sustained.

*Ordered accordingly.*