A. D. PAINE, Appellant, v. DR. W. W. WYATT, Appellee.

No. 41875.

November 21, 1933.

Rehearing Denied March 9, 1934.

Smith & Smith, and F. J. Lund, for appellant.

Daniel C. Dutcher, Dutcher, Walker & Ries, and E. P. Prince, for appellee.

Evans, J.—We devote our first attention to the plea of "accord and satisfaction." By the third division of the answer, it was made to appear that, at and before the time of his injury, the plaintiff was an employee of the Oliver Farm Equipment Sales Company; that, by reason of his injury and his disability, the plaintiff became entitled to demand and receive workmen's compensation under the Iowa statute; that the plaintiff elected to claim the benefits of the statute and proceeded to enforce his rights thereunder pursuant to the provisions of the statute; that compensation was awarded to him; that his employer has performed and is performing the final orders of the commissioner in such case, and that the plaintiff has been receiving and is receiving the full benefit of such adjudication; that all the rights of the plaintiff have been thereby fully adjudicated and the plaintiff has received full satisfaction thereof; that, if the plaintiff suffered any injury by reason of the unskillfulness or negligence

of the attending physician, such negligence was an aggravation of the original injury, and its consequences were recoverable to and by the plaintiff under the Workmen's Compensation law; that in any event his remedy under the Workmen's Compensation law became exclusive by the terms of the statute upon his election to pursue the same.

As against the foregoing, the plaintiff contends that he is proceeding pursuant to section 1382 of the Code, and that by the terms of such statute it is permissible to him to proceed against the defendant as a third party in a common-law action for damages. In short, section 1382 becomes the fighting ground in the case.

I. It has been the policy of the common law from its beginnings to regard the surgeon as a reasonably necessary adjunct to the recovery of the patient in personal injury cases. The wrongdoer is charged with notice of that fact and under the rules of law is rendered chargeable for the value of such surgical services and for all its hazards. If the surgeon prove neglectful or unskillful, his acts are deemed an aggravation of the injury, and their evil consequences, if any, are chargeable to the wrongdoer to the same extent as though he had himself perpetrated the negligence. All the consequences of unskillful treatment are deemed to inhere in the original wrong. That is to say, the original wrong of the wrongdoer is deemed as the efficient cause of such aggravation as results from the surgical treatment, be it good or bad. Evidence of the surgical treatment is always admissible, and likewise evidence of the conditions resulting from the surgical treatment. The extent of the recovery in a common-law action is measured by the actual conditions without distinction as to whether they resulted through the fault of the wrongdoer or through the fault of the surgeon. It has naturally followed, therefore, that, where the injured party proceeds against the wrongdoer by an action for damages, and thereby recovers his damages, he is deemed to have received full satisfaction for the injury suffered and for all of its aggravations, if any, by unskillful treatment. We have had the question before us quite recently in Phillips v. Werndorff, 215 Iowa 521, 243 N. W. 525. A few brief quotations from our opinion in that case will indicate the general rule applicable in common-law cases. We therein said:

"The rule is almost universal that the aggravation of an injury resulting from the unskillful treatment of a physician or surgeon, if

reasonable care was observed in his employment, is one of the elements of the damages for which the original wrongdoer is liable. * * * The law is equally well settled in this and perhaps all other jurisdictions that but one satisfaction for an injury received may be had; that is to say, that, if a settlement and release is obtained by one who is liable for all of the suffered injuries and compensation made therefor, no action may be maintained against another who may also have been liable for the whole or some part thereof. * * * The foregoing rule has in many cases been applied in actions against a physician or surgeon who treated the injuries originally inflicted for malpractice. But one satisfaction may be demanded."

In Snyder v. Mutual Telephone Co., 135 Iowa 215, 112 N. W. 776, 14 L. R. A. (N. S.) 321, we said:

"To constitute a settlement with some one joint tort-feasor such as to release another who is sought to be held liable for the same tort, it must be shown that the settlement was of the entire claim against the one with whom the settlement is made. But, when it appears that there has been such settlement, supported by a valuable consideration, the entire right of action against any other person who might have been proceeded against for the same injury is extinguished; for the right of action for tort is indivisible, and one satisfaction extinguishes the entire demand."

II. Does the foregoing rule apply when the injured party has sought and obtained redress through the Workmen's Compensation Act? Section 1380 of the Code expressly provides that the remedies provided in the act "shall be exclusive of all other rights and remedies of such employee." This proviso is subject to the one exception contained in section 1382. The exception stated in section 1382 is as follows:

"When an employee receives an injury for which compensation is payable under this chapter, and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee, or his dependent, or the trustee of such dependent, may take proceedings against his employer for compensation, and the employee or, in case of death, his legal representative may also maintain an action against such third party for damages."

The substance of this exception is that, where the injury suffered by the workman has been caused by a wrongdoer other than the employer, the injured party may proceed at common law against such wrongdoer. If he recovers from such wrongdoer, he must make restitution to his employer out of his recovery for *all* the compensation received from him. He must also protect him out of the same source against future payments. It is the contention of the plaintiff that in pursuing his action he is acting within the permission of such section 1382. The test at this point is whether the plaintiff is really proceeding against the *wrongdoer* who inflicted the original injury and who is therefore liable for *all* the injury suffered by the plaintiff. The term *"the* injury" contained in this section clearly has reference to the original or substantive injury which caused the disability of the plaintiff. This injury is referred to specifically in many of the succeeding sections. Reference therein is repeatedly made to "the *date* of *the* injury." In all of such sections the reference is clearly to the original injury. Let us suppose by way of illustration that the injury to plaintiff had been caused by wrongdoer A. Under section 1382, the plaintiff could bring his common-law action against him. In such action he could recover all the damages suffered, including those from surgical malpractice, if any. The only permission granted to the plaintiff under section 1382 is that he may sue A. He does not sue A. On the contrary, he purports to sue the surgeon, not for the original injury, but for its later aggravations. He may not, under the statute, split his cause of action and take the benefit of the Workmen's Compensation Act as to the original injury, and pursue the surgeon for his want of skill or negligence. The record discloses that the original injuries suffered by the plaintiff were very serious; that they consisted of several broken bones, including a broken hip, a broken leg, and a broken wrist. The employer employed the surgeon and thereby assumed full responsibility for his compensation and for his mistakes, if actionable. We deem it clear that the plaintiff, having resorted to the remedy provided by the Workmen's Compensation Act, is bound by its terms; that by such proceeding he fixed the status as between himself and the surgeon; that his recovery of compensation in that proceeding worked a satisfaction of any claim against the surgeon; that under section 1382 he had the right only to proceed against the wrongdoer who inflicted the original injury and none

other; that he might recover his full damage from such wrongdoer; that no right was thereby conferred upon him to proceed against the surgeon; that, as to the surgeon, section 1382 conferred on plaintiff no right of retraction.

The provisions of the statute here considered have been deemed as advantageous to the injured employee, in that they enable him to obtain a complete remedy in one action. against his employer or against the wrongdoer, as the case may be. This was undoubtedly the motive of the legislation. Inasmuch as under the statute he *need* not resort to multiplicity of action, so by the same token he *must* not so resort. He is therefore required to elect and to pursue one course or the other. To split his cause of action and to recover from the wrongdoer or the employer, for the original injury and disability, and from the surgeon for its aggravations, is to enter a field of extreme uncertainty in the apportionment of damages. The determination of such an issue must usually rest upon a mere guess. There could be no possible advantage to the injured employee in such a double course other than that it might enable him to occupy twice the broad zone of doubt in the apportionment and to obtain therein an overlap of his damages; and thereby to convert his cause of action into a speculative enterprise. Such a result is repugnant to the motive of the law.

The judgment of the district court is accordingly affirmed.

ALBERT, C. J., and KINDIG, DONEGAN, and CLAUSSEN, JJ., concur.