## WHEELER v. LOGAN GENERAL HOSPITAL.

### No. 582.

United States District Court
S. D. West Virginia, Huntington Division.

July 25, 1951.

Hillis Townsend and R. L. Theibert, Charleston, W. Va., for plaintiff.

Fitzpatrick, Strickling, Marshall & Huddleston, C. W. Strickling and Bert H. Early, Huntington, W. Va., for defendant.

WATKINS, District Judge.

Plaintiff is a resident of the State of Ohio, and defendant is a corporation organized under the laws of the State of West Virginia. By virtue of this diversity of citizenship, plaintiff has instituted this action in this court to recover damages from the defendant hospital for alleged negligent treatment and malpractice of its agents in the treatment of a fractured femur. Defendant has moved to dismiss the complaint, but this motion must be overruled because the complaint is sufficient on its face to state a cause of action. Defendant has also moved for summary judgment and both sides have submitted affidavits. The pleadings and affidavits show that the facts are not in dispute. Both sides agree that since this action arose in West Virginia, and since jurisdiction is founded upon diversity of citizenship, the substantive law of West Virginia must be applied.

Plaintiff was injured in a slate fall on March 23, 1950, while working in a coal mine as an employe of Logan County Coal Corporation and was taken to the defendant hospital for treatment. The coal company was a subscriber to the West Virginia

Workmen's Compensation Fund and had complied with the Workmen's Compensation Act (Ch. 23 of the Official Code of West Virginia, as amended). On April 7 plaintiff applied for benefits under this Act. The Compensation Commissioner determined that plaintiff's claim was compensable, and after requisite medical data was filed began paying plaintiff $25 a week for total temporary disability, the maximum compensation allowable under the law. Plaintiff had 30 days from the date of notification of his temporary award in which to file objections to such award, but no objections were filed. Up to and including March 23, 1951, the Commissioner has paid plaintiff for 48⁹⁄₇ weeks, the total sum of $1,223.43. Under the terms of the West Virginia Compensation Act plaintiff is entitled to receive this weekly award so long as his attending physicians certify that he is totally incapacitated, not to exceed 156 weeks. At that time, or sooner, if the plaintiff is able to work, the Commissioner will, upon proper showing, grant to plaintiff a permanent award of disability, if any permanent disability is then found to exist, at a percentage commensurate with the degree of permanent disability. All of the medical expenses for the treatment of the original injury and the alleged subsequent aggravation totaling $1,697.75 have been paid by the Compensation Commissioner, with the exception of $120.56 paid by the plaintiff so that he could have a private room. The plaintiff has also expended approximately $123 for travel expense to consult his physician.

It is my opinion that this case is controlled by Makarenko v. Scott, W.Va., 55 S. E.2d 88, 89, decided by the Supreme Court of West Virginia in 1949. There Makarenko brought suit against a hospital and a physician for their alleged negligent and unskilled treatment of an injury received by him in a mine accident. Defendant filed a special plea in bar alleging that the plaintiff and his employer were, at the time plaintiff received his injury in the course of his employment, subject to the Workmen's Compensation Act; that the injury at the hospital of which the plaintiff complained was an aggravation of his original

injury; and that plaintiff had been fully paid for the original injury and its aggravation from the Workmen's Compensation Fund. The trial court upheld this contention, and upon appeal, the Supreme Court of West Virginia by a 3–2 decision affirmed. Point 1 of the Syllabus by the court is as follows: "When a person sustains a personal injury, caused by the negligence of a wrongdoer, or the injury received is such as entitles the injured person to an award of compensation under the workmen's compensation law of this State, and the injured person exercises reasonable care in the selection of a competent physician and hospital to treat him for such injury, which is aggravated by the negligent or unskillful treatment rendered by them, he can not, as a general rule, maintain an action against such physician or hospital for damages which result from the aggravation of the original injury. In each case the law regards the aggravation as a part of the immediate and direct damages which naturally flow from the original injury."

In the Makarenko case plaintiff was in the same position as the plaintiff in this case when he brought his suit. He was receiving temporary total disability payments. However, in the Makarenko case the award had been made "permanent" by the time the case reached a decision in the trial court. Plaintiff contends that the Makarenko case is not controlling because the award in the instant case is on a "temporary" basis, whereas Makarenko's award had been made permanent by the time the case was decided by the trial court, and he had been paid the full amount awarded. I am unable to agree with this contention. The chief factual difference in the two cases is the extent of disability found to exist in the two cases. Whether they have acted rightly or wrongly, the Supreme Court of West Virginia has decided this matter and I am bound by that decision. Therefore, it would serve no useful purpose for me to express my own opinion on this matter. I must follow the Makarenko case, and to follow it I must sustain the motion of defendant for summary judgment. Counsel may submit an appropriate order for entry.