# CHARLESTON.

### H. K. ASHBY v. DAVIS COAL & COKE COMPANY.

### Submitted April 17, 1923. Decided January 15, 1924.

1.  MASTER AND SERVANT—*Liability of Employer Contracting to Furnish Medical Treatment, Held Not Affected by Workmen's Compensation Act.*

    Where an employer, though he has subscribed to the workmen's compensation fund and has complied with the law in relation thereto, agrees with an employee, in consideration of deductions from the latter's wages, to furnish the employee competent and skilled medical treatment for illness or injuries suffered while in his service, he is bound to maintain for that purpose a competent and skilled physician, notwithstanding the provisions of section 22 of the workmen's compensation law. (p. 374).

2.  SAME—*Employer Failing to Perform Contract to Furnish Competent Physician, Liable for Injury.*

    Where the employer neglects to perform the duties so imposed and by reason of such neglect the employee is injured, such employer is liable in damages to the employee to the same extent that the physician himself would be, were he sued for the injury. (p. 375).

Certified questions from Circuit Court, Barbour County.

Action by H. K. Ashby against the Davis Coal & Coke Company. A demurrer to the declaration was sustained, and questions certified.

*Ruling reversed.*

*Wm. T. George,* for plaintiff.
*E. A. Bowers,* for defendant.

MILLER, JUDGE:

This is an action for damages for injuries sustained by plaintiff from a fall of slate while he was working in defendant's mine at Dartmore, West Virginia. The trial court sustained defendant's demurrer to the declaration and has certified to us certain questions arising on his ruling thereon.

The declaration alleges that plaintiff was at the time of his injuries employed by defendant in its coal mine and was then working in the course of his employment; that defendant was a subscriber to the workmen's compensation fund and had complied with the law in relation thereto; that defendant charged plaintiff a fee, which was deducted from his wages, for medical services to be rendered him in case of injury or illness by a competent physician whom the defendant represented to him it had employed and was maintaining; that defendant had employed a physician, but that said physician was incompetent, all of which defendant well knew; that immediately after his injury plaintiff applied for treatment to said physician, who made a pretended examination of him and informed him that he had not received any serious injury and did not need treatment; that said physician was the only physician employed by defendant at Dartmore; that plaintiff then applied for admission to a hospital at Elkins, West Virginia, in charge of a physician who was also in the employ of the defendant company, but was refused admission or examination without permission or authority from the physician at Dartmore; that he then offered to pay for an X-Ray examination at the hospital, which also was refused without written permission of the company's physician at Dartmore; that the said physician refused to give such permission or authority, but reported to the state compensation

commissioner that plaintiff was able to work and was no longer in need of compensation; that thereupon his allowances from the compensation fund were wholly discontinued; that plaintiff was compelled to lay out money in making a trip to Charleston in an effort to be restored his allowances from the compensation fund; that the compensation commissioner directed him to report to the hospital at Elkins for examination, where he was refused admission or examination as before; that he had an X-Ray examination made elsewhere, at his own expense, which showed that three vertebrae in his neck were dislocated, which condition has become permanent. Plaintiff further alleges that these acts on the part of defendant's physician at Dartmore were the result of incompetency and lack of skill, and were done with wilful intent to prevent plaintiff from receiving proper treatment for his said injuries, and that as a result thereof he was kept for a long space of time from ascertaining to what extent he had been injured, and has become permanently injured, and is suffering constantly and will continue to suffer the rest of his life much pain and misery; all of which was caused by the negligence of defendant to employ a person of suitable and proper skill to treat his said injuries; by reason of which he has become damaged in the sum of $10,-000.00, for which he brings his suit.

Defendant contends: (1) that it is relieved from liability for damages by the Workmen's Compensation Law, section 22, chapter 15P, Barnes' Code, 1923, providing that: ''Any employer subject to this act who shall elect to pay into the workmen's compensation fund the premiums provided by this act, shall not be liable to respond in damages at common law or by statute for the injury or death of any employee however occurring, after such election and during any period in which such employer shall not be in default in the payment of such premiums and shall have complied fully with all other provisions of this act;'' (2) that the alleged wrongful act, neglect or default of defendant's physician, it being charged that he was an agent or employee of the defendant, does not render defendant liable to respond in damages for plaintiff's permanent injury; (3) that no facts are presented

by the declaration under which defendant can be held liable in damages for the malpractice of his physician, in the face of the fact alleged that defendant has complied with the workmen's compensation law.

Plaintiff does not sue for damages resulting from injuries sustained while working in defendant's mine, but for the alleged permanency of his injuries as a result of the neglect or wrongful act of defendant's physician, whom, it is alleged, the defendant knew to be incompetent and unskillful at the time. Defendant deducted from plaintiff's wages a sum each two weeks for medical treatment. This arrangement between the parties amounted to an implied contract, at least, by which defendant agreed to furnish plaintiff medical attention in return for the fee paid it; and this contract was made independently of plaintiff's rights under the workmen's compensation act. The Legislature evidently recognized the right to make such contracts by section 27 of the compensation law. This section provides for payment by the compensation commissioner of such sums for medical, surgical and hospital treatment as in his opinion may be reasonably required, not to exceed a certain sum; and further, that "(d) Notwithstanding anything hereinbefore contained, no payment shall be made out of the workmen's compensation fund for medical, surgical or hospital treatment for an injured employee, if said employee be entitled under contract connected with his employment, or by reason of a subscription list to medical, surgical or hospital treatment without further charge."

By the provisions of the statute quoted above the plaintiff is deprived of right to resort to the compensation fund for medical treatment under the general provisions of said section 27, because of his contract with his employer. The employer agreed, for the fee paid by the employee, to render such service. Also, section 17 of chapter 15H of the Code, the general labor law, requires mine operators to keep on hand at their mines such "necessary requisites as may be advised by the medical practitioner employed by the company." In this case the employer had undertaken, in addition to the duties imposed upon him by law, to furnish medical aid to the plaintiff, for which he charged the employee

a fee, collected in advance. By paragraph (d) of section 27 of the compensation act, the Legislature could not have meant otherwise than that the contract or arrangement mentioned therein was to take the place of the general provisions of that section, where such a contract was in existence. In 28 R. C. L., pp. 832-833, §119, it is said: "If for any reason the compensation act does not embrace the case of an employee who has sustained injury by reason of conduct on the part of his employer, an action may be maintained at law independently of the provisions of the statute. * * * Under some of the acts it would seem that an action at law may be maintained for certain consequences of a calamity, which are held not to be compensable by reason of the fact that they are not the 'proximate result' of the occurrence; as, for example, incapacity attributable to improper medical or surgical treatment provided by the employer." As we have said above, this suit is not for compensation for the injuries received by plaintiff while working in defendant's mine, but for damages resulting from the negligence of defendant in employing an incompetent physician to treat defendant, under the contract or arrangement between defendant and its employees; and we are of opinion that plaintiff is entitled to maintain such an action independently of his rights under the workmen's compensation law.

In *Neil* v. *Flynn Lumber Company*, 71 W. Va. 708, we held that, "Where an incorporated lumber company agrees with an employee, in consideration of monthly deductions therefor from his wages, to furnish a competent and skilled physician to attend to and treat him for any sickness or accident occurring while in its service, it is bound thereby to select and retain for that purpose a physician having the knowledge and skill ordinarily possessed by other members of his profession in the same community;" and that for failure to perform the duty so imposed, such company is liable in damages to the servant to the same extent as the physician himself would be were he sued for the injury; and that the injured employee may maintain either assumpsit upon the contract or trespass on the case for the tort. See, also, *Guy* v. *Lanark Fuel Company*, 72 W. Va. 728, and the many cases cited

therein as well as in the principal case cited above. It is true that the right of action in these two cases arose before the passage of the workmen's compensation law in this state, but as we have said above, we are of opinion that the contract between employer and employee, together with the provision of section 27, paragraph (d), of chapter 15P of the Code, gives the injured employee right of action.

We are of opinion that the ruling of the circuit court should be reversed and the demurrer overruled.

*Ruling reversed.* ·