JOHN HINKELMAN *v.* WHEELING STEEL CORPORATION *and*
DR. JOHN W. NEIDERMEYER

(CC 481)

Submitted October 18, 1933. Decided October 31, 1933.

*Martin Brown,* for plaintiff.
*Erskine, Palmer & Curl,* for defendants.

WOODS, JUDGE:

The purpose of this certificate is to determine the correctness of the trial court's action in overruling a demurrer to a declaration, under which an employee of the Wheeling Steel Corporation, a subscriber to the Workmen's Compensation Fund, seeks to hold a doctor, employed by said corporation, in damages for an aggravated condition of his hand, alleged to have been due to the unskilful and negligent treatment rendered by said doctor.

The first count alleges, among other things, that the doctor was employed by the steel corporation to render medical and surgical aid; that plaintiff, an employee injured his hand in the course of and resulting from said employment; that he was required to present himself to said doctor for treat-

ment; that the doctor became bound to carefully and skilfully render medical and surgical aid and to give plaintiff proper treatment, care and attention; that he failed to render the aid and treatment which the injury required, and so unskilfully and negligently conducted himself that through want of skill the injury was increased and aggravated. The second is in substance the same, except that it alleges that the company agreed as part of plaintiff's employment that he was to have first-class and expert medical and surgical aid in case of injury during his employment.

The law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskilful treatment thereof. 8 R. C. L. 449. The reason for the rule is that such unskilful treatment is a result which reasonably ought to have been anticipated by the wrongdoer. *Purchase* v. *Seelye,* 231 Mass. 434, 121 N. E. 413. So, by virtue of Code 1931, 23-2-6, which provides that when an employer has elected to subscribe to the Workmen's Compensation Fund and remains in good standing, there shall be no liability, either "at common law or by statute" for the injury or death of an employee, plaintiff could not have maintained an action against the employer for the aggravation set up in his declaration. See *McVey* v. *Telephone Co.,* 103 W. Va. 519, 138 S. E. 97.

But, may the doctor be proceeded against individually under the allegations of the declarations? His services, which were rendered in furtherance of the employer's business, under express authority of the employer, and not unlawfully, wantonly or maliciously, are the employer's acts. *Landrum* v. *Middaugh,* 117 Ohio St. 608, 160 N. E. 691. Hence, under our Compensation Act, the plaintiff, under the facts set up in the first count of his declaration, may not prosecute an action at law, but must look to the compensation fund, and that alone. *Spelman* v. *Pirie,* 233 Ill. App. 6. Nor is the allegation in the second count with reference to "first-class and expert medical and surgical aid" sufficient to bring the case within the principles laid down in *Ashby* v. *Davis Coal, etc., Co.,* 95 W. Va. 372, 121 S. E. 174.

Under the facts alleged, we are of opinion that the trial court should have sustained the demurrer, and so certify.

*Reversed and demurrer sustained.*