WEST VIRGINIA COAL & COKE CORPORATION *v.* STATE
COMPENSATION COMMISSIONER

(No. 8338)

Submitted November 23, 1935.   Decided December 10, 1935.

E. A. Bowers, for relator.
Homer A. Holt, Attorney General, and Kenneth E. Hines,
Assistant Attorney General, for respondent.

Maxwell, Judge:

By the Workmen's Compensation Act employers availing themselves thereof are required to pay premiums based on their payrolls. Code 1931, 23-2-5.

This controversy involves a difference of opinion between the officials of the relator and the compensation commissioner whether a salaried representative of the relator, whom it denominates a manager, and certain salaried physicians are employees within the purview of said statutory requirement. In its payroll reports to the commissioner, the relator has not included the salaries of these persons. The commissioner takes the position that such salaries should have been included and that because of their omission there is a shortage of $610.42 in the premiums that should have been paid for the period beginning July 1, 1933, ending January 31, 1935. The prayer of the petition is that the commissioner be required to expunge from his records the order requiring relator to pay the said sum, and that he receive relator's premium payments calculated on a basis exclusive of the salaries of the persons indicated.

The Compensation Act applies generally to persons in the service of employers as therein defined. There are certain exclusions. The pertinent one is this: "Nor shall a member of a firm of employers, or any officer of an association or of a corporation employer, including managers, or any elective official of the State, county or municipal corporation, be deemed an employee within the meaning of this chapter." Code 1931, 23-2-1. Such is the reenactment of 1925. Acts 1925, ch. 68, sec. 9. Prior thereto, the exclusion was broader. It then applied to firm members, officers, managers, superintendents, assistant managers and assistant superintendents. Code 1923, ch. 15P, sec. 9. Though the change in the statute manifested legislative intent to broaden the scope of the Act, its applicability in a given instance must be determined on the facts presented. The situation must be gauged by the duties and responsibilities of the person in question, and not by the name that is applied to his position. If in reality he is a superintendent or assistant manager, the fact that he is

denominated "manager" will in no degree be determinative of the matter. The name applied will not alter the facts.

By the statute all of a company's officers, including managers, are denied the protection of the statute. The individual here involved discharges, in fact, the duties of a manager. The relator has coal mines in four counties of West Virginia and none elsewhere. The official called manager has supervision and direction of all mining operations. Subject to his authority are assistant managers, superintendents, engineers, skilled mechanics and others. He is a stockholder and director and the executive officer in charge of operations and is responsible only to the board of directors. He is a manager in fact as well as in name.

The fact that the company has a manager of sales with offices outside this state is a matter aside the inquiry. We are concerned with the West Virginia set-up. The sole official within this state having managerial duties must be deemed a manager as contemplated by the compensation statute. As such he is expressly excluded by the statute from the protection of the fund. Being so excluded there should not, of course, be any premiums against his company on the basis of the salary which he receives.

Were the physicians properly omitted from the payroll reported to the compensation commissioner? The inquiry whether physicians in the regular employ of a subscriber to the Workmen's Compensation Fund are employees within the meaning of the Act is *res integra* in this jurisdiction. Two of our cases came near the question, but they did not decide it because unnecessary to final disposition. The cases to which reference is made are *Ashby* v. *Coal & Coke Co.*, 95 W. Va. 372, 121 S. E. 174, 33 A. L. R. 1201, and *Hinkelman* v. *Wheeling Steel Corporation*, 114 W. Va. 269, 171 S. E. 538. From the *Ashby* case it appears that the employer made regular, enforced deductions from the employees' wages to cover medical services when needed. This, we held, "amounted to an implied contract, at least, by which defendant agreed to furnish plaintiff medical attention in return for the fee paid it." It was therefore considered that the defendant was not protected by the Compensation Act from an action for

damages by the plaintiff alleging negligence on the part of a company-employed physician. In the *Hinkelman* case it was held that where an employee's injury is aggravated by negligent medical treatment by a company doctor, "such action on the part of the doctor comes within the Compensation Act," and there is no liability on either the company or. the doctor; that the unskillful treatment is to be regarded as an incident of the original injury. That case did not involve a special contract for medical service, such as the *Ashby* case.

Ordinarily, members of professions are not considered employees within the meaning of compensation laws—the basis therefor being that usually such services are for a limited purpose and for particular transactions. *In re Renouf* v. *Railroad Co.*, 254 N. Y. 349, 173 N. E. 218; 71 Corpus Juris, p. 509. But a different rule obtains where the contract of employment instead of being for services to be rendered in specific instance, is for services generally, for a definite period at a regular salary, as at bar, and the person rendering such services places his time and ability at the will and call of his employer. So where lawyers or doctors engage their services to an employer largely to the exclusion of otherwise special employment, for a certain fixed and determined period, at a regular salary, and hold themselves in readiness at all times to serve their employer, such contract of service creates the relation of master and servant. *Industrial Commission* v. *Moynihan*, 94 Colo. 438, 32 Pac. (2d) 802; *Bernstein* v. *Beth Israel Hospital*, 236 N. Y. 268, 140 N. E. 694, 30 A. L. R. 598; 1 Schneider on Workmen's Compensation Law (2d Ed.), page 198; 1 Honnold on Workmen's Compensation, page 219. In such circumstances professional men are employees within the purview of compensation acts. "Employee," the term used in our statute (Code 1931, 23-2-1), is a broader term than "workman" and is applicable to all persons in the service of the employer. *Alsup* v. *Bread & Ice Cream Co.*, 165 Tenn. 591, 56 S. W. (2d) 746. The breadth of the term may be limited by statutory exception. See Code section cited.

The soundness of the inclusion of company physicians within the role of employees seems well grounded. The Workmen's Compensation Fund is made possible through the premium contributions of subscribers. Every employee of a

subscriber has recourse to the fund, but the justification for his right is that premiums (contributions) have been paid by his employer on a payroll basis, and such basis is not a proper and adequate one unless it includes the employee (or some one in his place) who is later injured and asserts a claim against the fund. If a doctor who was a payroll employee should suffer injury in the course of and resulting from his employment, he would, if he sought it, receive compensation from the Workmen's Compensation Fund. Cases *supra*. If no premiums had been paid on account of his employment, his receiving compensation would create a very unfair situation in respect of the broad principles underlying the building up and administering of the fund. The compensation fund plan can be equitably carried out only if every employer pays premiums on the basis of the salary of each of his employees who is protected by the fund and may file a claim against the same.

From these considerations we ascertain that the compensation commissioner was correct in his ruling that premiums should be paid by the relator with respect to its regularly employed physicians, but that the commissioner was in error in making like requirement as to relator's manager of mining.

Therefore, we deny mandamus as to premiums incident to the employment of the physicians, but award a writ as prayed with regard to the manager.

*Writ awarded in part as prayed.*