In the Matter of the Claim of HARRY M. ZIMMERS, Respondent, against BARCLAY FRUIT Co. INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award of compensation. Claimant was president and acted as salesman and buyer of the employer corporation, which, on September 6, 1951, was engaged in the wholesale fruit and vegetable business. On September 17, 1951, claimant was taken ill at his home and a physician, who was called, to whom no history of accident was given, made a diagnosis of cerebral thrombosis. On the following day, claimant came under the care of a practitioner licensed to treat compensation cases. This doctor testified that sometime in September he received a history that the claimant had suffered an accident but he filed no report with the Workmen's Compensation Board until March 15, 1952. On September 21, 1951, a specialist in neurology examined claimant but was given no accident history. On November 5, 1951, claimant was seen at the outpatient department of a hospital but no history of accident appears on the hospital records. On December 7, 1951, claimant filed a claim for compensation stating that on September 6, 1951, while opening a door at his place of employment he tripped and injured himself. Twenty days later, an employer's report of injury was filed which was signed by claimant as president of the employer corporation. Of course, under these circumstances, we give no weight to the report as an admission. The appellants contended that claimant did not sustain an accidental injury and that there was no causal relationship between the condition which caused his disability and any accidental injury arising out of and during his employment. At the hearing before the referee, claimant testified that when he fell he struck his head on a door. Certain physicians expressed opinions that the accident was a competent producing cause of a rupture of a small blood vessel which resulted in claimant's illness eleven days later while other doctors concluded that there was no causal relation between the accident, as described by claimant, and the thrombosis. Thus the evidence presented questions of fact of industrial injury and causal relation and the determination of the Workmen's Compensation Board is final and conclusive. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present— Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.