In the Matter of the Claim of GEORGE KIRSTEN, Respondent, against CAMILLE CLEANERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. The carrier questions only the rate, which was based on the finding that claimant "performed duties for which he was entitled to be paid in a sum of $125 per week". Claimant was the president and sole stockholder of the corporate employer, which was engaged in the dry cleaning business. As such officer, claimant was within the employer's coverage pursuant to subdivision 6 of section 54 of the Workmen's Compensation Law, that subdivision also providing that: "The estimation of the wage values of executive officers within the coverage of the insurance contract shall be reasonable and separately stated and added to the valuation of the payrolls upon which the premium is computed." As the enterprise was unprofitable, claimant received no wages and drew nothing from the business. The carrier's payroll auditor, for purposes of premium computation, entered claimant's wages as $30 per week pursuant to section 13 of rule 6A of the New York State Compensation Insurance Rating Board

Rules providing that: "For any acting executive officer who serves without remuneration the fixed amount of $30.00 shall be included." From claimant's testimony it appears that he knew of and acquiesced in the auditor's action. His corporation was billed accordingly and his wages were shown at that rate upon income tax returns. Assuming, without determining, that the $30 figure prescribed by rule 6A is merely the minimum and, further, that claimant could have justified a higher estimation (§ 54, subd. 6) and, finally, that the board could then have computed earning capacity pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law, the fact remains that claimant chose to accept the $30 figure which the auditor entered and we find nothing in the record to justify the board's determination relieving him from the consequences of his action. The employer's report of injury, showing claimant's weekly wage as $100, was signed by claimant as president and hence may be given no effect as an admission. (*Matter of Zimmers* v. *Barclay Fruit Co.*, 285 App. Div. 1102.) Decision and award reversed, with costs to appellant carrier against the Workmen's Compensation Board, and matter remitted. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.