THELMA M. STOTTS, *Widow of* BURL F. STOTTS

*v.*

STATE COMPENSATION DIRECTOR, AND
DINGESS LINE COMPANY

(No. 12345)

Submitted January 13, 1965.    Decided March 2, 1965.

*Valentine & Beddow, Jack W. Beddow,* for appellant.

No appearance for appellee.

BERRY, JUDGE:

This is an appeal from an order of the Workmen's Compensation Appeal Board entered May 15, 1964, affirming an order of the State Compensation Director denying compensation to the claimant, Thelma M. Stotts, the widow of Burl F. Stotts, who was fatally injured while working for the Dingess Line Company, a corporation, a subscriber to the Workmen's Compensation Fund. An appeal was granted by this Court on June 22, 1964, and the case was continued from the September, 1964 docket until January, 1965 docket when it was submitted.

The Dingess Line Company was incorporated on January 2, 1962. Apparently all of the stock was owned by Burl F. Stotts and Bill Dingess, who each owned half of the outstanding stock. Burl F. Stotts was president and Bill Dingess the vice-president. After the fatal injury suffered by Burl F. Stotts, Bill Dingess assumed the position of president and was acting in such capacity at the time the record was made in this case.

At the time of the fatal injury Burl F. Stotts was paid the salary of $300.00 per month as president. In addition to his position as president, Stotts worked for the company as a gang leader and utility man for which services he was paid $2.75 per hour. This hourly wage was exclusive of his salary as president. He had been paid a total of $826.00 for his work as a gang leader and utility man for the company between the date of the incorporation of said company on January 2, 1962, and the time of his death on April 2, 1962. He had earned the sum of $28.00 for such work on the day he was fatally injured. The salary paid to Stotts as president was not included in compensation reports by the company for premium purposes to the Workmen's Compensation Fund. However, the hourly wages paid to him were included in the compensation report to the fund and premiums were paid to said fund based on such wages.

On April 2, 1962, Burl F. Stotts, along with three other men employed by the Dingess Line Company, was dismantling a steel coal tipple in Kanawha County. Stotts was working on the tipple 82 feet above the ground and was using an acetylene torch to cut loose a set of steel steps from a girder. While trying to jump from the steps to the girder he fell to the ground and received the injuries which resulted in his death. The Company had a total of 44 men in its employ, four of whom were engaged in the project on which Stotts was working at the time of his death.

The Claimant, Thelma M. Stotts, filed a claim for compensation benefits which were denied by the Director on the ground that her deceased husband was not an employee at the time of his death within the meaning of Code, 23-2-1, as amended, which provides that officers, directors and general managers of corporations are not deemed to be employees within the meaning of the Act. Protest was filed to the ruling of the Director and after hearing had thereon the Director affirmed his prior ruling. An appeal was taken to the Workmen's Compensation Appeal Board which affirmed the ruling of the Director. The reasoning of the Appeal Board for its decision was that by virtue of

the fact that the deceased was an officer of the corporation he was therefore vested with the right of supervision, was therefore not an employee, and was barred by the statutory provisions of the Compensation Act, Code, 23-2-1, as amended, which provides: " * * * nor shall a member of a firm of employers, or any official of an association or of a corporate employer, including managers, * * * be deemed an employee within the meaning of this chapter: * * * "

There are many cases dealing with the question involved in the case presented here. Most of them have treated it as in the category of "dual capacity", which is merely used as a term in the determination as to whether an injured person who is an officer of a corporation can be classified, by virtue of the type of work he was doing at the time of his injury, as an employee of the company which is a subscriber to the Workmen's Compensation Fund. The question involved in such cases must be determined on the facts presented in a given case and is governed by the duties and responsibilities of the person in question regardless of the corporate title he holds in the company. See *West Virginia Coal and Coke Corporation* v. *State Compensation Commissioner*, 116 W. Va. 701, 182 S. E. 826; 99 C.J.S., Workmen's Compensation, Section 82, b, Dual Capacity Doctrine.

Before the statute in question dealing with the exclusion of officers of a company or firm which is a subscriber of the Workmen's Compensation Act was reenacted in 1925, it was much broader in its exclusions, inasmuch as it applied then to firm members, officers, managers, superintendents, assistant managers and assistant superintendents. The 1925 reenactment reduced the number of exclusions and thereby extended the coverage of the Act, thus indicating an intent to liberalize the Act. *West Virginia Coal and Coke Corporation* v. *State Compensation Commissioner, supra.* It was held in the *West Virginia Coal and Coke Corporation* case that premiums based on the salary of a manager of a corporation should not be paid into the fund where he performed duties of a supervisor and director over all operations of the company in several counties in the state, and

subject to his authority and supervision were assistant managers, supervisors, engineers, skilled mechanics and others; that he was also a stockholder, director, and therefore a manager, in fact, as well as in name. Conversely, it would therefore seem indicated that although a person might be designated as president of a corporation, yet if he was not performing the duties of such officer at the time he received an injury in the course of and as a result of his employment but was a workman for the company and his wages were reported and premiums paid to the Workmen's Compensation Fund as such worker, he would be classified as an employee under the provisions of the Workmen's Compensation Act of West Virginia.

It is stated in 99 C.J.S., Workmen's Compensation, Section 82, that the majority of the cases adhere to what may be called the Dual Capacity Doctrine. In connection with this matter, the following language defining Dual Capacity Doctrine is contained in 99 C.J.S., Workmen's Compensation, Section 82: " * * * that is, that an officer, director, or stockholder of a corporation will not be denied compensation merely because he is such officer, director, or stockholder if, as a matter of fact, at the time of the injury he is engaged in performing manual labor or the ordinary duties of a workman and receives pay therefor in the capacity of an employee, or if he is engaged in an employment palpably separate and distinct from the official duties falling on him as an officer of the corporation."

This matter is succinctly discussed in Vol. 1, Larson's Workmen's Compensation Law, §54.21, wherein it is stated: "It is quite common, however, especially in small corporations whose demands upon their officers take only a small fraction of their time, to find that the officers also discharge duties which, if performed by anyone else, would unquestionably confer employee status. In such cases, when the normal incidents of employment attend the performance of the non-executive work, it is uniformly held that the compensation act applies."

Prior to 1923 the State of Texas had a statute almost identical to the statute in this state, Code, 23-2-1, as

amended. It was held in two Texas cases decided under its provisions that notwithstanding the statute providing that officers of any corporation which is a subscriber to the Workmen's Compensation Act should not be deemed to be employees within the meaning of the Texas Act, that an officer performing duties as a workman for the corporation at the time he was injured and not performing duties as an officer of the company was entitled to compensation under the Dual Capacity Doctrine. *Millers' Mut. Casualty Co.* v. *Hoover et al.*, (Texas), 235 S. W. 863; *Cook* v. *Millers' Indemnity Underwriters*, (Texas), 240 S. W. 535. However, in 1923, the Texas legislature amended such statute in question, and provided that officers of the corporation were not to be considered employees, notwithstanding the fact that such officers may perform other duties and perform other services for the company for which they receive compensation. When the case of *Bell* v. *Texas Employers' Ins. Ass'n.*, (Texas), 43 S. W. (2d) 290, came before the Court in 1931, it was decided that a secretary of a corporation acting as a bookkeeper who received a hernia while in the course of and as a result of his employment was not an employee under the provisions of the amended statute and therefore could not be granted compensation for his injury. In so holding, the court stated that the legislature had undertaken to prevent the granting of compensation in such cases, but that the act as amended might be out of harmony with what generally had been the spirit of the Workmen's Compensation law. The West Virginia statute has never been amended to exclude the officers of a company regardless of the capacity in which they are working when injured.

Whether an officer of a corporation is an employee within the meaning of the Workmen's Compensation Act depends upon the particular facts and circumstances of a given case in the absence of a direct expression of legislative intent. 99 C.J.S., Workmen's Compensation, Section 82, b, Dual Capacity Doctrine; *West Virginia Coal and Coke Corporation* v. *State Compensation Commissioner, supra.* It has been held in some cases that a president or other officer of a corporation may not be deemed to be an employee where he

is in effect the corporation itself by virtue of owning most of the stock and supervising the work of such company. 99 C.J.S., Workmen's Compensation, Section 82; *Korovilas* v. *Bon Ton Renovating Co.,* (Minn.), 17 N. W. 2d 502; *Manfield & Firman Co.* v. *Manfield,* (Ind.), 182 N. E. 539; *Bowne* v. *S. W. Bowne Co.,* (N. Y.), 116 N. E. 364. However, several comparatively recent cases hold to the contrary. *Fruit Boat Market* v. *Industrial Commission,* (Wis.), 58 N. W. 2d 689; *Zimmers* v. *Barclay Fruit Co.,* 139 N.Y.S. 2d 441; *Grodsky* v. *Front Street Parking Inc.,* 212 N.Y.S. 2d 212.

We are of the opinion that the better reasoned cases and weight of authority allow compensation in such cases as the one at bar under the Dual Capacity Doctrine, which is supported by the reasoning of this Court in the case of *West Virginia Coal and Coke Corporation* v. *State Compensation Commissioner, supra.* We hold that under the Dual Capacity Doctrine, which is hereby approved as being within the spirit of the liberality rule applicable to the provisions of the Workmen's Compensation Act, Burl F. Stotts was employed as a workman for the Dingess Line Company, a corporation, at the time he was fatally injured. *Hudson* v. *State Comp. Com'r.,* 121 W. Va. 461, 5 S. E. 2d 108; *Morris* v. *State Compensation Com'r.,* 135 W. Va. 425, 64 S. E. 2d 496. Therefore, the claimant, Thelma M. Stotts, widow of Burl F. Stotts, is entitled to compensation benefits.

For the reasons enunciated herein, the orders of the Workmen's Compensation Appeal Board and the Director are reversed and the case is remanded to the Board with directions that the claimant be awarded compensation benefits.

*Reversed and remanded.*