■     In the Matter of ELEANOR CARLIN, Respondent, v ELJO ELECTRIC Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. —Appeal from a decision of the Workmen's Compensation Board, filed April 18, 1974. The only issue on this appeal is whether the rate of compensation established by the board is proper. Claimant is the secretary-bookkeeper of her husband's company, the employer herein. She was not listed on the payroll records. After sustaining a work-related compensable injury, her average weekly salary was set at $50, the amount previously selected for purposes of premium payment and coverage under the compensation policy. At a hearing the employer's accountant testified that the standard wage for a person engaged in the same type of work performed by claimant would be in the area of $200 to $250 per week. There was also evidence that the husband's salary of $450 per week included $150 for the services performed by claimant but paid to her husband for her benefit. The board then selected $150 as the average weekly wage. Claimant was a full-time employee and the board could properly fix the average weekly wage at $150 upon the evidence before it (Workmen's Compensation Law, § 14) without being bound by any unilateral determination by the carrier in fixing premiums. *Matter of Kirsten v Camille Cleaners,* (4 AD2d 900) relied upon by appellants is factually inapposite. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.