Nolan G. McKENZIE and Lois W. McKenzie, Personal Representatives of Paula J. McKenzie, Deceased, Plaintiffs,

v.

John Edwin DAUBENHEYER and the Boy Scouts of America, a corporation, Defendants.

Civ. No. 76–397–B.

United States District Court, D. New Mexico.

Feb. 18, 1977.

John P. Davidson, Kastler, Erwin & Davidson, Raton, N. M., for plaintiffs.

Kenneth Bateman, White, Koch, Kelly & McCarthy, Santa Fe, N. M., Wayne C. Wolf, Civerolo, Hansen & Wolf, Albuquerque, N. M., for defendants.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

This matter is before the Court upon the Motion for summary judgment filed by the defendants John Edwin Daubenheyer and the Boy Scouts of America.

The plaintiffs are the parents of the decedent Paula J. McKenzie. Ms. McKenzie died in an automobile accident on July 6, 1975, at the Philmont Scout Ranch in New Mexico.

Ms. McKenzie had graduated from the University of Kansas Medical School in June of 1975. She had taken and passed Parts I and II of the examinations of the National Board of Medical Examiners and would be, following six months of a one-

year term of residency in a hospital, eligible to take Part III of the examinations. At the time of her death, Ms. McKenzie was not a licensed physician.

Ms. McKenzie had filed an application for employment at the Boy Scout ranch for the summer of 1975. The position for which she applied was that of assistant in the medical department.

By a letter of employment she was offered and accepted the position of "medical staff." The letter of employment set forth the salary she was to receive and stated that she would be furnished room and board in connection with her employment. The employment contract also reflected that she would be covered by Workmen's Compensation and accident-health insurance, and it gave either party the right to terminate the agreement.

She was paid her salary by check, and deductions were made from her salary for federal and state taxes, as well as F.I.C.A. employee tax. Her salary was used in computing the Workmen's Compensation premium due from the defendant Boy Scouts.

Licensed physicians who came to the ranch that summer to perform medical services for the scouts and the staff received no fees or salary from the ranch or the Boy Scouts of America. They received only traveling expenses to the ranch and room and board while at the ranch.

Ms. McKenzie was a passenger in a scout vehicle on Sunday, July 6, 1975. The driver of the vehicle, John Daubenheyer, was an employee of the Boy Scouts of America. Ms. McKenzie and he were returning from a scout camp on the ranch where she had given medical attention to some scouts. The vehicle rolled off an embankment and overturned, resulting in Ms. McKenzie's death.

The plaintiffs refused to accept Workmen's Compensation benefits and filed the present action, alleging that the defendant Daubenheyer, while acting as an employee of the defendant Boy Scouts, negligently operated the vehicle in which decedent was a passenger, causing the accident which resulted in her death.

Defendants' Motion for summary judgment is predicated upon the assertion that the decedent was an employee of the defendant Boy Scouts, so that the plaintiffs' sole and exclusive remedy is provided by the Workmen's Compensation Act of the State of New Mexico.

Plaintiffs oppose the Motion on the ground that the decedent was a qualified physician and an independent contractor in her position at the ranch and thus not covered by the provisions of the Workmen's Compensation Act. They claim either that decedent was a qualified physician and thus an independent contractor as a matter of law, or that, even if not, she was an independent contractor under "the relative nature of the work" test enunciated in *Burton v. Crawford,* No. 2136 (N.M.Ct.App. Aug. 5, 1976). In support of these contentions they have offered the affidavit of Dr. William E. Larson, a licensed physician from Kansas City, Missouri, who states that the decedent was a qualified physician, had medical responsibilities equal to his and those of other doctors and performed no services different from theirs, except that the affiant had administrative duties which decedent did not have.

The affidavit of the secretary-treasurer of the New Mexico Board of Medical Examiners, together with the letters and documents submitted by the National Board of Medical Examiners to plaintiffs' attorney, reveal that the decedent was eligible to become an intern but had not yet fulfilled the requirements needed to become a physician licensed to practice medicine.

■■■ There is no genuine dispute as to the fact that the decedent was on the job when her death occurred. Neither are there any genuine issues with regard to the facts that she drew a salary and that her wages were treated in the same manner as those of other employees. Nor is there any dispute over the facts that she applied for employment as a medical assistant and signed an employment contract. Finally, there is no genuine issue as to whether the decedent was a physician. She was not yet

one, and the documents submitted by the plaintiffs reflect this.

In reality, the only method by which decedent can be characterized as anything other than an employee is to say that the fact that she performed medical services, *vel non,* takes her outside the scope of the New Mexico Workmen's Compensation Law. It is concluded that the performance of medical services, without more, does not have this effect. *See, Burton v. Crawford, et al.,* No. 2136 (N.M.Ct.App. Aug. 5, 1976). Further, the profession for which the decedent was training need not always be considered as granting to its members the status of independent contractors. Where contracts of employment result in professional persons placing their time and ability at the call of their employers and exclude otherwise special employment, and where such services are rendered for a fixed period at a regular salary, and where such persons hold themselves in readiness at all times to serve their employers, such contracts of service create master-servant relationships, and make such professional persons employees within the purview of compensation acts. *Nordland v. Poor Sisters of St. Francis,* 4 Ill.App.2d 48, 123 N.E.2d 121 (1954); *West Virginia Coal & Coke Corp. v. State Compensation Com'r of W.Va.,* 116 W.Va. 701, 182 S.E. 826 (1935).

All the factual indicia presented by both sides to this action reflect that the decedent stood in the same position as did the doctors in *West Virginia Coal and Coke Corp., supra,* and as did the intern in *Norland, supra.* It can only be concluded that she was an employee of the defendant Boy Scouts of America and that plaintiffs' sole remedy for her death is under the provisions of the New Mexico Workmen's Compensation Act.

Accordingly, an Order granting the defendants' Motion for summary judgment will be entered herein, together with this Memorandum Opinion.